**United States District Court**
**Eastern District of Michigan**
**Southern Division**

United States of America,

       Plaintiff,

                               Crim. Case No. 22-20321
v.                                Hon. Terrence G. Berg

D-7 Joshua Motley,

       Defendant.
_____/

**United States' Brief in Opposition of**
**Defendant's Motion for Bond**

      Defendant Joshua Motley was arrested on September 7, 2022, after having been Indicted along with six other individuals for conspiracy to commit wire fraud, and aggravated identity theft. The government sought his detention based on a serious risk of non-appearance and bolstered that argument with evidence of economic dangerousness. Pretrial services also recommended detention.

      Following a hearing on September 8, 2022, Magistrate Judge Grey found that there were no conditions or combination of conditions that could ensure the defendant's continued appearance and ordered him detained pending trial. The defendant now seeks de novo review from this Court.

1

While it is arguable that the conditions advocated for by the defendant could potentially mitigate the risk of non-appearance (specifically the offer of full-time employment), additional information has come to light that raises a concern of dangerousness, namely that the defendant is the suspect in a homicide that occurred on New Year's Eve last year.  Given this additional matter of concern, the government continues to believe that detention is appropriate as there are no conditions or combination of conditions sufficient to ensure <u>both</u> his continued appearance and the safety of the community.

**I.    Facts**

The government relies on several items for its proffer, including the Indictment, the Pretrial Services Report, and a Detroit Police Department investigation report. From these sources, the government describes the following facts.

As noted at the prior hearing, Mr. Motley has direct personal involvement with the fraud scheme, having been arrested in Glendale California on July 1, 2017, after attempting to fraudulently acquire cell phones; devices seized from Motley at the time of his arrest were subsequently connected by AT&T to approximately $200,000 in fraud loss.

With respect to his past history, he has three prior failures to appear (though the government notes that at least one of them appears to have been out his control); prior violations of probation; prior weapons charges; and prior fraud charges.

At the time of his initial detention hearing, he also lacked stable employment (which now appears potentially resolved), and Pretrial Services had been unable to identity an adequate third-party custodian.

Finally, turning to the new information—an alleged homicide for which Mr. Motley is a suspect—the government acknowledges he has not been charged with that offense. However, at least one witness appears to have identified Motley as the perpetrator and a device using a phone number associated with Motley was identified as being in the area of the shooting at the time of the offense.

II. **Argument**

Under the Bail Reform Act, a defendant must be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Act requires detention whenever the defendant is either a risk of nonappearance or a danger to the community. *See id.*;

3

*United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985). A finding of dangerousness "must be 'supported by clear and convincing evidence.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(f)(2)). But the government need only demonstrate the risk of nonappearance by a preponderance of the evidence. *Hazime*, 762 F.2d at 37.

### A. The 18 U.S.C. § 3142(g) factors favor detention

The "factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person's release." *United States v. Hoskins*, 181 F.3d 105 (6th Cir. 1999).

### 1. Nature and circumstances—18 U.S.C. § 3142(g)(1)

While the charged offenses are non-violent in nature, the overall scheme is significant, involving more than 26,000 fraudulent transactions and more than $28,000,000 in approximate loss. If convicted, Motley faces up to 20 years in prison on the conspiracy count and a mandatory two years' imprisonment on each of the aggravated identity theft counts.

**2. Weight of the evidence—18 U.S.C. § 3142(g)(2)**

The weight of the evidence "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. *See also Hazime*, 762 F.2d at 37 (the weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community").

Here, there is significant evidence of failure to comply with conditions in the past, including convictions for "fleeing" under the vehicle code, and for tampering with an electronic monitoring device. There is also evidence of dangerousness—including charges (albeit dismissed) for felony home invasion and felony armed robbery; a prior carrying concealed conviction; and finally, while the homicide remains uncharged conduct, the information documented in the investigation report is concerning.

**3. History and characteristics—18 U.S.C. § 3142(g)(3)**

Subsection 18 U.S.C. § 3142(g)(3)(A) includes "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community

5

ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."

Of greatest significance here is that at the time of the prior detention hearing, the defendant had no clear source of sufficient income to support himself (which is concerning when he is charged in a multi-million-dollar fraud scheme, with multiple prior fraud convictions). Further, his father—who he purportedly lived with—admitted that he lived with a friend in Georgia for some period, which the defendant failed to mention to Pretrial Services entirely. This is significant given that Atlanta was a location frequented by multiple co-defendants, and the metro-Atlanta area was where defendant-1 and defendant-2 were both living when arrested on this indictment.

Defendant's criminal history is also set out in the Pretrial Services Report and includes multiple fraud offenses in multiple states, and prior weapons charges. His Glendale, California, arrest (alleged in the indictment as being in relation to the charged conspiracy) also occurred less than two months after being released from parole in 2017. And while on probation from the Glendale case, he picked up a fraud case in Ann Arbor (for which he pleaded guilty) and another active case in Flint.

### 4. Danger to community or anyone—18 U.S.C. § 3142(g)(4)

First, the government maintains that economic dangerousness should be evaluated under this factor. *See, e.g., United States v. Reynolds*, 956 F.2d 192, 192 (9th Cir. 1992) (citations omitted) ("[D]anger may, at least in some cases, encompass pecuniary or economic harm."); *United States v. Persaud*, No. 05-CR-368, 2007 WL 1074906, at *1 (N.D.N.Y. Apr. 5, 2007) (citations omitted) ("Judge Homer held, and Defendant disputes, that economic harm qualifies as a danger within the contemplation of the Bail Reform Act. This Court agrees with Judge Homer."); *United States v. Giordano*, 370 F. Supp. 2d 1256, 1270 (S.D. Fla. 2005) (citations omitted) ("There can be no question that an economic danger, like that posed by a serial defrauder, falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act.").

There is also the new information related to the suspected homicide that, when considered in the context of prior weapons charges and a conviction for carrying concealed, raises a real concern in terms of a risk of physical violence. That aspect of dangerousness should also be considered.

### B. Defendant's proposed alternatives to custody

In his motion, the defendant volunteers to submit to home confinement (presumably with a tether), "but a tether offers little assurance of an appearance or an intent to forego activities that pose a danger to the community." *United States v. Tawfik*, No. 17-20183-2, 2017 WL 1457494, at *8 (E.D. Mich. Apr. 25, 2017); *see also United States v. Edwards*, No. 07-20605, 2010 WL 157516, at *5 (E.D. Mich. Jan. 13, 2010) (agreeing that tether "would be entirely insufficient to either insure Defendant's appearance or protect the community from the danger posed by Defendant"). Of special significance here is the defendant's prior conviction in 2014 for tampering with an electronic monitoring device.

The defendant also takes issue with the fact that all of his currently arraigned co-defendants are out on bond. However, "[T]he dangerousness inquiry must be an individualized one." *Stone*, 608 F.3d at 946. And "the status of the coconspirators as released on bond and/or in pretrial custody does not bear directly on whether this Defendant should be released from custody as the same is not a specific factor under section 3142(g) which must be considered when making an individualized assessment of [the defendant's] eligibility for bail." *United States v.*

8

*Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *10-11 (W.D. Pa. May 3, 2016).

Defendant's proposed third-party custodian(s) similarly do not lessen defendant's dangerousness—neither economic nor physical. *See, e.g., United States v. Wood*, No. 19-20216, 2020 WL 4791205, at *3 (E.D. Mich. Aug. 17, 2020) ("While [defendant's] third-party custodian may be well intentioned, the Court does not have confidence that [defendant] is."). Neither the defendant's father nor Ms. Cunningham seem to be suitable third-party custodians because defendant was purportedly living with one (or both) of them when he was committing the instant offense and at the time of the suspected homicide. *See United States v. Perry*, No. 16-20062, 2017 WL 1364083, at *10 (E.D. Mich. Apr. 7, 2017) (citing *United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) (mother not a suitable third-party custodian where defendant committed charged offense while living with his parents)).

## III. Conclusion

For all of the above reasons, the Court should detain defendant.

                                        Respectfully Submitted,

                                        Dawn N. Ison
                                        United States Attorney


                                        s/Ryan A. Particka
                                        Ryan A. Particka
                                        Assistant United States Attorney
                                        Ryan.particka@usdoj.gov

Date:  October 12, 2022

## **Certificate of Service**

I hereby certify that on October 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

s/Ryan A. Particka<br>
Ryan A. Particka